UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAIL REGILIO,

    Plaintiff,

CASE NO.: _____

v.

BRIDGECREST CREDIT COMPANY, LLC,

    Defendant.

_____ /

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Bridgecrest Credit Company, LLC, by and through its undersigned counsel and pursuant to Title 28, United States Code, sections 1331, 1367(a), 1441, and 1446, hereby files this, its Notice of Removal, and in support thereof, states as follows:

1. On or about January 25, 2018, Plaintiff initiated an action against Defendant in the County Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, Small Claims Division, Case Number 2018-SC-000516-NC.

2. The Summons and Complaint in the aforementioned state court action were served on Defendant on February 8, 2018. True and correct copies of the Summons, Complaint, and all other process and pleadings served upon Defendant in this cause (except discovery), are attached hereto.

3. The Complaint alleges violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55, *et seq.* ("FCCPA"). All of the claims asserted in the Complaint arise from or relate to alleged telephone calls made in connection with the collection of the Plaintiffs' unpaid account.

4. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As such, the United States District Courts have original jurisdiction over Plaintiffs' TCPA claim, as it arises under the Constitution, laws or treaties of the United States. *Id.*

5. Defendant is entitled to remove Plaintiffs' TCPA claim to this Court pursuant to 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6. Accordingly, Defendant is entitled to remove Plaintiffs' TCPA claim to this Court because this Court has original jurisdiction over the TCPA claim and the state court action is currently pending in this District and Division. 28 U.S.C. § 1441(a).

7. This Court also has supplemental jurisdiction over Plaintiffs' state law FCCPA claim by virtue of the Court's original jurisdiction over the TCPA claim. 28 U.S.C. § 1367(a).

8. This Court should exercise supplemental jurisdiction over Plaintiffs' FCCPA claim because all of the claims asserted in the Complaint arise from the same core of alleged operative facts, involve substantially similar questions of law or fact, and form part of the same case or controversy. *See id.* Indeed, all of the claims asserted in the Complaint relate to alleged collection calls made to Plaintiffs in connection with their unpaid account. Moreover, Plaintiffs' FCCPA claim does not involve any complex or novel issue of state law, and there are no other considerations that would prevent this Court from adjudicating those claims.

9. Based on the foregoing, all claims alleged in the Complaint should be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1367.

10. A true and correct copy of this Notice of Removal was filed with the Clerk of the United States District Court within thirty (30) days after service of the Complaint upon Defendant. 28 U.S.C. § 1446(b).

11. The undersigned certifies that the Notice of Removal attached hereto will be promptly served on all adverse parties and filed with the Clerk of the State Court in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this case proceed in this Court as an action properly removed to it.

/s/ *Robert E. Sickles*
Robert E. Sickles, P.A.
Florida Bar. No. 167444
rsickles@broadandcassel.com
Yesica S. Liposky, Esq.
Florida Bar No. 119924
yliposky@broadandcassel.com
**BROAD AND CASSEL LLP**
100 North Tampa Street, Suite 3500
Tampa, FL 33602
Telephone: 813-225-3020
Facsimile: 813-225-3039
Secondary: knovak@broadandcassel.com
Secondary: egarvey@broadandcassel.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 9, 2018, a true and correct copy of this document was served via e-mail on the following:

Jon P. Dubbeld, Esq.
Berkowitz & Myer
4900 Central Avenue
St. Petersburg, FL 33707
jon@berkmyer.com
*Co-Counsel for Plaintiff*

3

Aaron M. Swift, Esq.
Swift Law, P.A.
10460 Roosevelt Blvd. N., Suite 313
St. Petersburg, FL 33716
aswift@swift-law.com
*Co-Counsel for Plaintiff*

*/s/ Robert E. Sickles*
Robert E. Sickles, P.A.
Florida Bar. No. 167444