

Clerk Net                                                                 Helpful Tips

**ClerkNet**                                              User Name - ROBERT SICKLES
                                                          Group - Registered User

| Home | Search | Account Settings | Case Lists | Logout |

[ Subscribe To Email Alerts ]   [ Return To Search ]   [ View Printer Friendly Version ]

**Case Details**

| | | | |
|---|---|---|---|
| Case Number: | 2018 SC 000516 NC | Uniform Case Number: | 582018SC000516XXXANC | Case Status: | OPEN |
| Case File Date: | 01/25/2018 | Case Close Date: | | Judge: | QUARTERMAINE, ERIKA N. |

**Party Information**

| Party Name | Party Type | Attorney (Date Dismissed) |
|---|---|---|
| REGILIO, GAIL | Plaintiff | SWIFT, AARON |
| BRIDGECREST CREDIT COMPANY LLC | Defendant | SICKLES, ROBERT |

**Case Events**

| Date | Time | Location | Description | Court Result |
|---|---|---|---|---|
| 02/20/2018 | 09:00 AM | COURTROOM 7B | PRE-TRIAL CONFERENCE - SMALL CLAIMS | |
| 03/20/2018 | 09:00 AM | COURTROOM 7B | PRE-TRIAL CONFERENCE - SMALL CLAIMS | |

**Case Fees**

| Fee Description | Total Fee | Amount Paid | Waived Amount | Amount Outstanding |
|---|---|---|---|---|
| STATEMENT OF CLAIM - $500 TO $2500 | $175.00 | $175.00 | $0.00 | $0.00 |
| SUMMONS COUNTY EFILED - REQUEST FOR ISSUANCE | $10.00 | $10.00 | $0.00 | $0.00 |
| **TOTAL** | **$185.00** | **$185.00** | **$0.00** | **$0.00** |

**Case Docket**

**Attorney of record view.**

- Available    - Confidential    - Sealed    - Viewable On Request (VOR)    - VOR Pending

[ Create PDF From Selected ]

| Add All | Docket Date | Description | Pages | Image |
|---|---|---|---|---|
| | 3/7/2018 | NOTICE OF APPEARANCE - FOR PLAINTIFF | 2 | |
| | 3/7/2018 | MOTION - INVOKE RULES OF CIVIL PROCEDURE | 2 | |
| | 2/20/2018 | NOTICE - RULE 7.090. APPEARANCE DEFENSIVE PLEADING TRIAL DATE | 4 | |
| | 2/20/2018 | PRE-TRIAL CONFERENCE - SMALL CLAIMS SET FOR 03/20/2018 AT 9:00 AM IN 7B , JDG: QUARTERMAINE, ERIKA N. | 0 | |
| | 2/20/2018 | ORDER SETTING PRETRIAL | 1 | |
| | 2/20/2018 | COURT APPEARANCE RECORD | 1 | |
| | 2/15/2018 | NOTICE OF APPEARANCE AS COUNSEL FOR DEFENDANT AND DESIGNATION OF E-MAIL ADDRESSES | 2 | |
| | 2/13/2018 | SUMMONS SERVED - BRIDGECREST CREDIT COMPANY LLC | 3 | |
| | 2/12/2018 | PAYMENT $10.00 RECEIPT #2018014530 | 1 | |
| | 1/29/2018 | LETTER - OUTSTANDING FEES | 1 | |
| | 1/25/2018 | PAYMENT $175.00 RECEIPT #2018008347 | 1 | |
| | 1/25/2018 | SUMMONS ISSUED - COUNTY-BRIDGECREST CREDIT COMPANY LLC | 2 | |
| | 1/25/2018 | PRE-TRIAL CONFERENCE - SMALL CLAIMS SET FOR 02/20/2018 AT 9:00 AM IN 7B , JDG: QUARTERMAINE, ERIKA N. | 0 | |
| | 1/25/2018 | STATEMENT OF CLAIM - $500 TO $2500 | 5 | |

## Case Details

| | | | |
|---|---|---|---|
| Case Number: | 2018 SC 000516 NC | Uniform Case Number: | 582018SC000516XXXANC |
| Case Status: | OPEN | Case File Date: | 01/25/2018 |
| Case Close Date: | | Judge: | QUARTERMAINE, ERIKA N. |

## Party Information

| Party Name | Party Type | Attorney (Date Dismissed) |
|---|---|---|
| REGILIO, GAIL | Plaintiff | SWIFT, AARON |
| BRIDGECREST CREDIT COMPANY LLC | Defendant | SICKLES, ROBERT |

## Case Events

| Date | Time | Location | Description | Court Result |
|---|---|---|---|---|
| 02/20/2018 | 09:00 AM | COURTROOM 7B | PRE-TRIAL CONFERENCE - SMALL CLAIMS | |
| 03/20/2018 | 09:00 AM | COURTROOM 7B | PRE-TRIAL CONFERENCE - SMALL CLAIMS | |

## Case Fees

| Fee Description | Total Fee | Amount Paid | Waived Amount | Amount Outstanding |
|---|---|---|---|---|
| STATEMENT OF CLAIM - $500 TO $2500 | $175.00 | $175.00 | $0.00 | $0.00 |
| SUMMONS COUNTY EFILED - REQUEST FOR ISSUANCE | $10.00 | $10.00 | $0.00 | $0.00 |
| TOTAL | **$185.00** | **$185.00** | **$0.00** | **$0.00** |

## Case Docket

| Docket Date | Description | Pages |
|---|---|---|
| 3/7/2018 12:00:00 AM | NOTICE OF APPEARANCE - FOR PLAINTIFF | 2 |
| 3/7/2018 12:00:00 AM | MOTION - INVOKE RULES OF CIVIL PROCEDURE | 2 |
| 2/20/2018 12:00:00 AM | NOTICE - RULE 7.090. APPEARANCE DEFENSIVE PLEADING TRIAL DATE | 4 |
| 2/20/2018 12:00:00 AM | PRE-TRIAL CONFERENCE - SMALL CLAIMS SET FOR 03/20/2018 AT 9:00 AM IN 7B , JDG: QUARTERMAINE, ERIKA N. | 0 |
| 2/20/2018 12:00:00 AM | ORDER SETTING PRETRIAL | 1 |
| 2/20/2018 12:00:00 AM | COURT APPEARANCE RECORD | 1 |

| Docket Date | Description | Pages |
|---|---|---|
| 2/15/2018 12:00:00 AM | NOTICE OF APPEARANCE AS COUNSEL FOR DEFENDANT AND DESIGNATION OF E-MAIL ADDRESSES | 2 |
| 2/13/2018 12:00:00 AM | SUMMONS SERVED - BRIDGECREST CREDIT COMPANY LLC | 3 |
| 2/12/2018 12:00:00 AM | PAYMENT $10.00 RECEIPT #2018014530 | 1 |
| 1/29/2018 12:00:00 AM | LETTER - OUTSTANDING FEES | 1 |
| 1/25/2018 12:00:00 AM | PAYMENT $175.00 RECEIPT #2018008347 | 1 |
| 1/25/2018 12:00:00 AM | SUMMONS ISSUED - COUNTY-BRIDGECREST CREDIT COMPANY LLC | 2 |
| 1/25/2018 12:00:00 AM | PRE-TRIAL CONFERENCE - SMALL CLAIMS SET FOR 02/20/2018 AT 9:00 AM IN 7B , JDG: QUARTERMAINE, ERIKA N. | 0 |
| 1/25/2018 12:00:00 AM | STATEMENT OF CLAIM - $500 TO $2500 | 5 |

IN THE COUNTY COURT IN AND FOR SARASOTA COUNTY, FLORIDA

GAIL REGILIO )
4900 CENTRAL AVE )
ST. PETERSBURG, FL 33707 )

     *PLAINTIFF* )

      ) CASE NO.:   **2018 SC 000516 NC**

   - vs - )

      ) JUDGE:   **ERIKA N. QUARTERMAINE**

BRIDGECREST CREDIT COMPANY LLC )
CORPORATION SERVICE COMPANY )
1201 HAYS STREET
TALLAHASSEE, FL 32301

     *DEFENDANT*

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

### STATE OF FLORIDA - NOTICE TO ABOVE PLAINTIFF(S) AND DEFENDANT(S) -

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by an attorney for a PRETRIAL
CONFERENCE before a judge of this court at:

**COURTROOM 7-B**, on Tuesday, 20 February, 2018 at 9:00 AM
**Judge Lynn Silvertooth Judicial Center**
**2002 Ringling Boulevard**
**Sarasota, FL 34237**
**\*\*IMPORTANT - READ CAREFULLY\*\***

**THE CASE WILL NOT BE TRIED AT THAT TIME.  DO NOT BRING WITNESSES. APPEAR IN PERSON OR BY
ATTORNEY.**
YOU MUST WEAR PROPER ATTIRE.

   The defendant(s) must appear in court on the date specified in order to avoid a default judgment.  The plaintiff(s) must
appear to avoid having the case dismissed for lack of prosecution.  A written MOTION or ANSWER to the court by the
plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the pretrial conference.
The date and/or time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.
Any request for rescheduling must be in writing and sent to the other side.   NO PARTY MAY EXCUSE ANY OTHER
PARTY FROM ATTENDANCE AT THE REQUIRED PRETRIAL CONFERENCE.

   A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any
employee authorized in writing by an officer of the corporation.   Written authorization must be brought to the Pretrial
Conference.

   The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim,
to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the
pretrial conference.   You or your attorney should be prepared to confer with the court and to explain briefly the nature of
your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case,
state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial,
and estimate how long it will take to try the case.

   Mediation may take place at the pretrial conference.   Whoever appears for a party must have full authority to settle.
Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees
incurred by the opposing party.

   If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court.   The
court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE:** The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: 1) Where the contract was entered into; 2) If suit is on an unsecured promissory note, where note is signed or where maker resides; 3) If the suit is to recover property or to foreclose a lien, where the property is located; 4) Where the event giving rise to the suit occurred; 5) Where any one or more of the defendant(s) sued resides; 6) Any location agreed to in a contract; 7) In an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you, as a defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you may file a WRITTEN request for transfer, in affidavit form (sworn to under oath) with the court seven days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

KAREN E. RUSHING
CLERK OF THE CIRCUIT COURT

*C Brandenburg*

BY: _____                    DATE: January 25, 2018

C Brandenburg, Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Sarasota County Jury Office, P.O. Box 3079, Sarasota, Florida 34230-3079, (941)861-7400, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

If you cannot afford an attorney, contact Gulfcoast Legal Services at (941)366-1746 or www.gulfcoastlegal.org, or Legal Aid of Manasota at (941)366-0038. If you do not qualify for free legal assistance or do not know an attorney, you may call an attorney referral service (listed in the phone book), or contact the Florida Bar Lawyer Referral Service at (800)342- 8011 or <http://www.floridabar.org/divpgm/lronline.nsf/wreferral6?OpenForm>.

CLERK OF THE CIRCUIT COURT

P.O. Box 3079            or      4000 South Tamiami Trail
Sarasota, Florida  34230         Venice, Florida  34293

Filing # 67873079 E-Filed 02/13/2018 09:53:34 AM

## RETURN OF SERVICE

| State of Florida | County of Sarasota | County Court |
|---|---|---|

Case Number: 2018 SC 000516 NC   Court Date: 2/20/2018  9:00 am

Plaintiff:
GAIL REGILIO

vs.

Defendant:
BRIDGECREST CREDIT COMPANY LLC CORPORATION SERVICE COMPANY

For:
Jon P. Dubbeld, Esquire
Berkowitz & Myer
2820 1st Avenue North
St. Petersburg, FL 33713

Received by TROPICAL SURVEILLANCE AND INVESTIGATIONS on the 7th day of February, 2018 at 5:33 pm to be served on BRIDGECREST CREDIT COMPANY LLC CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.

I, WYATT KADY, do hereby affirm that on the 8th day of February, 2018 at 12:45 pm, I:

served a CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE by delivering a true copy of the Summons/Notice to Appear for Pre-Trial Conference/Mediation and Statement of Claim with the date and hour of service endorsed thereon by me, to: GWEN BUTLER as CUSTOMER SERVICE SPECIALIST authorized to accept service, of the within named corporation, at the address of: 1201 HAYS STREET, SUITE 105, TALLAHASSEE, FL 32301 on behalf of BRIDGECREST CREDIT COMPANY LLC, and informed said person of the contents therein, in compliance with state statutes.

Additional Information pertaining to this Service:
Latitude: 30.4426974; Longitude: -84.2632051

Description of Person Served: Age: 68, Sex: F, Race/Skin Color: WHITE, Height: 5'6", Weight: 180, Hair: BLONDE, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.          "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO FS 92.525

_____
WYATT KADY
249

TROPICAL SURVEILLANCE AND
INVESTIGATIONS
Po Box 10961
Tampa, FL 33679
(813) 258-8885

Our Job Serial Number: TPL-2018014749
Ref: Regilio v Bridgecrest,

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.1t

IN THE COUNTY COURT IN AND FOR SARASOTA COUNTY, FLORIDA

GAIL REGILIO )
4900 CENTRAL AVE )
ST. PETERSBURG, FL 33707 )

    *PLAINTIFF* )
                 ) CASE NO.:   2018 SC 000516 NC
                 )
    - vs - )
                 )
                 ) JUDGE:   ERIKA N. QUARTERMAINE
BRIDGECREST CREDIT COMPANY LLC )
CORPORATION SERVICE COMPANY )
1201 HAYS STREET
TALLAHASSEE, FL 32301

    *DEFENDANT*

SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO ABOVE PLAINTIFF(S) AND DEFENDANT(S) -
YOU ARE HEREBY NOTIFIED that you are required to appear in person or by an attorney for a PRETRIAL
CONFERENCE before a judge of this court at:
COURTROOM 7-B, on Tuesday, 20 February, 2018 at 9:00 AM
Judge Lynn Silvertooth Judicial Center
2002 Ringling Boulevard
Sarasota, FL 34237
**IMPORTANT - READ CAREFULLY**

THE CASE WILL NOT BE TRIED AT THAT TIME.  DO NOT BRING WITNESSES. APPEAR IN PERSON OR BY
ATTORNEY.
YOU MUST WEAR PROPER ATTIRE.

   The defendant(s) must appear in court on the date specified in order to avoid a default judgment.  The plaintiff(s) must
appear to avoid having the case dismissed for lack of prosecution.  A written MOTION or ANSWER to the court by the
plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the pretrial conference.
The date and/or time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.
Any request for rescheduling must be in writing and sent to the other side.  NO PARTY MAY EXCUSE ANY OTHER
PARTY FROM ATTENDANCE AT THE REQUIRED PRETRIAL CONFERENCE.
   A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any
employee authorized in writing by an officer of the corporation.  Written authorization must be brought to the Pretrial
Conference.
   The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim,
to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the
pretrial conference.  You or your attorney should be prepared to confer with the court and to explain briefly the nature of
your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case,
state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial,
and estimate how long it will take to try the case.
   Mediation may take place at the pretrial conference.  Whoever appears for a party must have full authority to settle.
Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees
incurred by the opposing party.
   If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court.  The
court may or may not approve a payment plan and withhold judgment or execution or levy.

RIGHT TO VENUE:  The law gives the person or company who has sued you the right to file in any one of several places as listed below.  However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue.  A proper location or venue may be one of the following:  1) Where the contract was entered into; 2) If suit is on an unsecured promissory note, where note is signed or where maker resides; 3) If the suit is to recover property or to foreclose a lien, where the property is located; 4) Where the event giving rise to the suit occurred; 5) Where any one or more of the defendant(s) sued resides; 6) Any location agreed to in a contract; 7) In an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you, as a defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you may file a WRITTEN request for transfer, in affidavit form (sworn to under oath) with the court seven days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

KAREN E. RUSHING
CLERK OF THE CIRCUIT COURT

BY:   *C Brandenburg*                                             DATE: January 25, 2018
       C Brandenburg, Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the Sarasota County Jury Office, P.O. Box 3079, Sarasota, Florida 34230-3079, (941)861-7400, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

If you cannot afford an attorney, contact Gulfcoast Legal Services at (941)366-1746 or www.gulfcoastlegal.org, or Legal Aid of Manasota at (941)366-0038.  If you do not qualify for free legal assistance or do not know an attorney, you may call an attorney referral service (listed in the phone book), or contact the Florida Bar Lawyer Referral Service at (800)342-8011 or <http://www.floridabar.org/dlvpcm/lrconline.nsf/wreferral6?OpenForm>.

CLERK OF THE CIRCUIT COURT

P.O. Box 3079          or          4000 South Tamiani Trail
Sarasota, Florida  34230                    Venice, Florida  34293

Filing # 68033968 E-Filed 02/15/2018 03:43:29 PM

IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
SMALL CLAIMS DIVISION

GAIL REGILIO,

      Plaintiff,

                                          Case No. 2018-SC-000516-NC

v.

BRIDGECREST CREDIT
COMPANY, LLC,

      Defendant.

_____

**NOTICE OF APPEARANCE AS COUNSEL FOR DEFENDANT
AND DESIGNATION OF E-MAIL ADDRESSES**

Robert E. Sickles, P.A. and Yesica S. Liposky, Esq. with the law firm of Broad and Cassel

LLP, hereby give notice of their appearance as counsel for Defendant in this action. In addition,

pursuant to Fla. R. Jud. Admin 2.516(b)(1)(A), counsel for Defendant's email addresses for service

in this case are as follows:

> **Primary: rsickles@broadandcassel.com**
> **Primary: yliposky@broadandcassel.com**
> **Secondary: knovak@broadandcassel.com**
> **Secondary: egarvey@broadandcassel.com**
> **Secondary: jlovins@broadandcassel.com**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 15, 2018, a true and correct copy of this document

was served via e-Portal on the following:

> Jon P. Dubbeld, Esq.
> Berkowitz & Myer
> 4900 Central Avenue
> St. Petersburg, FL 33707
> jon@berkmyer.com

*/s/ Robert E. Sickles, Esq.*
Robert E. Sickles, P.A.
Florida Bar No. 167444
Yesica S. Liposky, Esq.
Florida Bar No. 119924
**BROAD AND CASSEL LLP**
100 North Tampa Street, Suite 3500
Tampa, FL 33602
Telephone: 813-225-3020
Facsimile: 813-225-3039
Primary: rsickles@broadandcassel.com
Primary: yliposky@broadandcassel.com
Secondary: knovak@broadandcassel.com
Secondary: egarvey@broadandcassel.com
Secondary: jlovins@broadandcassel.com
*Counsel for Defendant*

2

☐ IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA
☒ IN THE COUNTY COURT IN AND FOR SARASOTA COUNTY, FLORIDA

CASE NUMBER: **2018 SC 000516 NC**

**GAIL REGILIO**

*PLAINTIFF*

vs

**BRIDGECREST CREDIT COMPANY LLC**

*DEFENDANT*

### COURT APPEARANCE RECORD

| | | |
|---|---|---|
| **JUDGE** | ~Pam McLeod fer~ ERIKA N. QUARTERMAINE | Evidence Record No. |
| **DEPUTY CLERK:** | K CHERNICH *Helen James* | |
| **PLTF.ATTY:** | Dubbeld | Plaintiff # _____ |
| **DEF.ATTY:** | No one appeared | Defendant # _____ |
| **CT.RPTR:** | NONE | |

RULE INVOKED: ☐ YES ☒ NO
JURY SWORN: ☐ YES ☒ NO

PLAINTIFF'S WITNESSES SWORN:
Name Testified
1). _____
2). _____
3). _____
4). _____
5). _____

DEFENDANT'S WITNESSES SWORN:
Name Testified
1). _____
2). _____
3). _____
4). _____
5). _____

PLAINTIFF'S MOTIONS:
Date/Motion/Ruling
1). SMALL CLAIMS PRETRIAL CONFERENCE

RULING: Continue To 3-20-18 @ 9 Am
Pending Motions

JURY POLLED: ☐ YES ☒ NO

DEFENDANT'S MOTIONS:
Date/Motion/Ruling
1). _____
2). _____

**KAREN E. RUSHING**
**CLERK OF THE CIRCUIT COURT**

BY: _____
Deputy Clerk

DATE: FEBRUARY 20, 2018

20

IN THE COUNTY COURT IN AND FOR SARASOTA COUNTY, FLORIDA

**GAIL REGILIO**
**4900 CENTRAL AVE**
**ST. PETERSBURG, FL 33707**
*PLAINTIFF*

CASE NUMBER: **2018 SC 000516 NC**

VS

**BRIDGECREST CREDIT COMPANY LLC**
**CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301**
*DEFENDANT*

PLAINTIFF ATTORNEY                           DEFENDANT ATTORNEY

## ~~FINAL~~ JUDGMENT/ORDER

IT IS ADJUDGED THAT:

☐ The Plaintiff recover from the Defendant(s) the sum of $_____, on principle, $_____ as prejudgment interest $_____ for attorney's fees, with costs of $_____, making a subtotal of $_____, all of which shall bear interest at the rate of 5.53 % per year as provided for by Florida Statute, for all of which let execution issue.

☐ Defendant(s) shall complete Florida Small Claims Rules Form 7.343 (Fact Information Sheet) and return it to the Plaintiff or their attorney within 45 days from the date of this order, unless the Final Judgment is satisfied or a Motion for a New Trial or Notice of Appeal is filed. Jurisdiction of this case is retained to enter further orders that are proper to compel the Defendant(s) to complete form 7.343 and return it to the Plaintiff.

☐ The action stands DISMISSED with/without prejudice because Plaintiff/both parties failed to appear/voluntarily dismissed the act

☑ This case is set for pretrial/trial on March 20 2018 at 9:00 as a control date. If set for trial, trial will be set for _____ minutes. Any request for postponement must be in writing, scheduled for hearing and upon written notice to the other party.
    ☑ Parties failed to reach agreement in Mediation.
    ☑ Documents need to be obtained/exchanged by Plaintiff/Defendant. *Pending motions.*
    ☐ Pending a filing of bankruptcy.
    ☐ Other:

Dated this 20th day of February, 2018

*Erika Nikla Quade*
**JUDGE OF THE COUNTY COURT**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the forgoing has been mailed or handed to the parties listed above.
DATED this: 20th day of February, 2018

**KAREN E. RUSHING**
CLERK OF THE CIRCUIT COURT

DATE:   February 20, 2018

Deputy Clerk

Page 1 of 1

2018 SC 516 NC

**RULE 7.090.   APPEARANCE; DEFENSIVE PLEADINGS; TRIAL DATE**

(a)   **Appearance.** On the date and time appointed in the notice to appear, the plaintiff and defendant shall appear personally or by counsel, subject to subdivision (b).

(b)   **Notice to Appear; Pretrial Conference.** The summons/notice to appear shall specify that the initial appearance shall be for a pretrial conference. The initial pretrial conference shall be set by the clerk not more than 50 days from the date of the filing of the action. In the event the summons/notice to appear is non-served and the return of service is filed 5 days before the pretrial conference, the pretrial conference shall be canceled by the court as to any non-served party. The plaintiff may request a new summons/notice to appear and include a new initial appearance date for the pretrial conference. The pretrial conference may be managed by nonjudicial personnel employed by or under contract with the court. Nonjudicial personnel must be subject to direct oversight by the court. A judge must be available to hear any motions or resolve any legal issues. At the pretrial conference, all of the following matters shall be considered:

(1)   The simplification of issues.

(2)   The necessity or desirability of amendments to the pleadings.

(3)   The possibility of obtaining admissions of fact and of documents that avoid unnecessary proof.

(4)   The limitations on the number of witnesses.

(5)   The possibilities of settlement.

(6)   Such other matters as the court in its discretion deems necessary.

Form 7.322 shall and form 7.323 may be used in conjunction with this rule.

January 1, 2017               Florida Small Claims Rules               12
                              The Florida Bar

(c)   **Defensive Pleadings.** Unless required by order of court, written pretrial motions and defensive pleadings are not necessary. If filed, copies of such pleadings shall be served on all other parties to the action at or prior to the pretrial conference or within such time as the court may designate. The filing of a motion or a defensive pleading shall not excuse the personal appearance of a party or attorney on the initial appearance date (pretrial conference).

(d)   **Trial Date.** The court shall set the case for trial not more than 60 days from the date of the pretrial conference. Notice of at least 10 days of the time of trial shall be given. The parties may stipulate to a shorter or longer time for setting trial with the approval of the court. This rule does not apply to actions to which chapter 51, Florida Statutes, applies.

(e)   **Waiver of Appearance at Pretrial Conference.** Where all parties are represented by an attorney, counsel may agree to waive personal appearance at the initial pretrial conference, if a written agreement of waiver signed by all attorneys is presented to the court prior to or at the pretrial conference. The agreement shall contain a short statement of the disputed issues of fact and law, the number of witnesses expected to testify, an estimate of the time needed to try the case, and any stipulations of fact. The court shall forthwith set the case for trial within the time prescribed by these rules.

(f)   **Appearance at Mediation; Sanctions.** In small claims actions, an attorney may appear on behalf of a party at mediation if the attorney has full authority to settle without further consultation. Unless otherwise ordered by the court, a nonlawyer representative may appear on behalf of a party to a small claims mediation if the representative has the party's signed written authority to appear and has full authority to settle without further consultation. In either event, the party need not appear in person. Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to comply with this subdivision may result in the imposition [of] costs and attorney fees incurred by the opposing party.

(g)   **Agreement.** Any agreements reached as a result of small claims mediation shall be written in the form of a stipulation. The stipulation may be entered as an order of the court.

January 1, 2017           Florida Small Claims Rules                    13
                          The Florida Bar

### Committee Notes

**1972 Amendment.** Rule 7.120 is incorporated in subdivision (c). It is slightly expanded to provide for a computation period from service by mail and to give the parties the right to stipulate to a shorter time for the trial.

**1984 Amendment.** This change requires the use of a pretrial procedure and requires both parties to attend the pretrial conference which can be used to resolve pretrial motions. The use of a pretrial previously varied from county to county.

**1988 Amendment.** (b) 1st sentence — Chair's clarification.

2nd sentence — Require the clerk to set the initial pretrial conference within a reasonable time after filing of the action taking into consideration the fact that the time standards guideline for small claims cases is 95 days.

3rd sentence — State within the small claims rules what matters shall be considered at the pretrial conference rather than by reference to Florida Rule of Civil Procedure 1.220(a), which has been amended several times and is generally not applicable to small claims cases.

4th sentence — Direct that new form 7.322 shall and that new form 7.323 may be used statewide.

(c)     Clarifies that a personal appearance is required at the pretrial conference when a defense motion is filed.

(e)     Adds a provision for waiving counsel's appearance at the pretrial conference where all parties are represented by counsel.

### Court Commentary

**2008 Amendment.** The requirement that an attorney attending mediation on behalf of the client have full authority to settle should not be equated to a requirement to settle where one or more parties wants to proceed to trial.

## RULE 7.100.     COUNTERCLAIMS, SETOFFS, THIRD-PARTY COMPLAINTS, TRANSFER WHEN JURISDICTION EXCEEDED

(a)     **Compulsory Counterclaim.** Any claim of the defendant against the plaintiff, arising out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, shall be filed not less than 5 days prior to the initial

Filed  02/20/2018 04:44 PM - Karen E. Rushing, Clerk of the Circuit Court, Sarasota County, FL

appearance date (pretrial conference) or within such time as the court designates or it is deemed to be abandoned.

    **(b)   Permissive Counterclaim.** Any claim or setoff of the defendant against the plaintiff, not arising out of the transaction or occurrence which is the subject matter of the plaintiff's claim, may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court.

    **(c)   How Filed.** Counterclaims and setoffs shall be filed in writing. If additional time is needed to prepare a defense, the court may continue the action.

    **(d)   Transfer When beyond Jurisdiction.** When a counterclaim or setoff exceeds the jurisdiction of the court, it shall be filed in writing before or at the hearing, and the action shall then be transferred to the court having jurisdiction thereof. As evidence of good faith, the counterclaimant shall deposit a sum sufficient to pay the filing fee in the court to which the case is to be transferred with the counterclaim, which shall be sent with the record to the court to which transferred. Failure to make the deposit waives the right to transfer.

    **(e)   Third-Party Complaints.** A defendant may cause a statement of claim to be served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. A defendant must obtain leave of court on motion made at the initial appearance date (pretrial conference) and must file the third-party complaint within such time as the court may allow. The clerk shall schedule a supplemental pretrial conference, and on the date and time appointed in the notice to appear the third-party plaintiff and the third-party defendant shall appear personally or by counsel. If additional time is needed for the third-party defendant to prepare a defense, the court may continue the action. Any party may move to strike the third-party claim or for its severance or separate trial. When a counterclaim is asserted against the plaintiff, the plaintiff may bring in a third-party defendant under circumstances that would entitle a defendant to do so under this rule.

**Committee Notes**

<table>
<tr><td>January 1, 2017</td><td>Florida Small Claims Rules<br>The Florida Bar</td><td>15</td></tr>
</table>

Filing # 68897066 E-Filed 03/07/2018 09:01:16 AM

IN THE COUNTY COURT OF THE 12TH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
SMALL CLAIMS

GAIL REGILIO,

        **Plaintiff,**

v.

BRIDGECREST CREDIT COMPANY, LLC,

        **Defendant.**

_____/

Case No. 2018 SC 000516 NC

**JUDGE: ERIKA N. QUARTERMAINE**

## PLAINTIFF'S MOTION TO INVOKE THE RULES OF CIVIL PROCEDURE

**COMES NOW**, Plaintiff, Gail Regilio ("Plaintiff"), by and through her undersigned counsel pursuant to Florida Small Claims Rule 7.020(c), and hereby petitions this Honorable Court for entry of an Order allowing Plaintiff to enlarge the time to set trial based on Rule 7.090(d). Plaintiff respectfully asserts the need to depose Defendant's corporate representative as well as several collections representatives who spoke with Plaintiff regarding this matter. As such, Plaintiff will not be ready for trial within 60 days of the pre-trial conference.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enlarge the time to set trial for six (6) months from the time of the pre-trial conference and to invoke the Rules of Civil Procedure.

        /s/ *Jon P. Dubbeld*_____
        Jon P. Dubbeld, Esq.
        Fla. Bar No. 105869
        Jon@berkmyer.com
        Berkowitz & Myer
        4900 Central Ave
        St. Petersburg, Florida 33707
        (727) 344-0123(office)
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronically filing the foregoing with the Clerk of Courts by using the Florida Courts e-filing Portal which will send a notice of electronic fling to the following: rsickles@broadandcassel.com on this 7th day of March, 2018.

/s/ Jon P. Dubbeld
Counsel for Plaintiff

2

Filing # 68900722 E-Filed 03/07/2018 09:43:44 AM

IN THE COUNTY COURT OF THE 12TH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
SMALL CLAIMS

GAIL REGILIO,

      Plaintiff,

v.

BRIDGECREST CREDIT COMPANY, LLC,

      Defendant.

_____/

Case No. 2018 SC 000516 NC

JUDGE: ERIKA N. QUARTERMAINE

### NOTICE OF APPEARANCE AND
### DESIGNATION OF E-MAIL ADDRESSES

**COMES NOW**, Aaron M. Swift, Esq. of the law firm Swift Law, P.A., and hereby files this Notice of Appearance as co-counsel of record for Plaintiff, Gail Regilio, and respectfully requests service of copies of all future pleadings, notices, discovery, and other papers served in connection with this action.

Additionally, pursuant to the Florida Supreme Court's Order No. SC 10-2101 and Florida Rule of Judicial Administration 2.516, Mr. Swift hereby designates his primary and secondary e-mail addresses for this matter:

      **Aaron M. Swift, Esq:**

          Primary: aswift@swift-law.com
          Secondary: info@swift-law.com

Dated: March 7, 2018.

          Respectfully submitted,

          SWIFT LAW, P.A.

          /s/ Aaron M. Swift
          Aaron M. Swift, Esq., FBN 0093088
          10460 Roosevelt Blvd. N.

Suite 313
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed and then served a true and correct copy of the foregoing by electronically filing the foregoing with the Clerk of Courts by using the Florida Courts e-filing Portal which will send a notice of electronic fling to the following: rsickles@broadandcassel.com and Jon@berkmyer.com on this 7th day of March, 2018.


/s/ *Aaron M. Swift*
Co-Counsel for Plaintiff

**IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

GAIL REGILIO,

      Plaintiff,

                                     Case No. 2018-SC-000516-NC

v.

BRIDGECREST CREDIT
COMPANY, LLC,

      Defendant.

_____/

**DEFENDANT'S NOTICE OF REMOVAL OF CASE TO FEDERAL COURT**

Defendant, Bridgecrest Credit Company, LLC, by and through its undersigned counsel, hereby gives notice that on March 9, 2018, it filed a Notice of Removal of this cause to the United States District Court for the Middle District of Florida, Tampa Division. A true and correct copy of the Notice of Removal is attached to this Notice.

                        */s/ Robert E. Sickles*
                        Robert E. Sickles, P.A.
                        Florida Bar. No. 167444
                        rsickles@broadandcassel.com
                        Yesica S. Liposky, Esq.
                        Florida Bar No. 119924
                        yliposky@broadandcassel.com
                        **BROAD AND CASSEL LLP**
                        100 North Tampa Street, Suite 3500
                        Tampa, FL 33602
                        Telephone: 813-225-3020
                        Facsimile: 813-225-3039
                        Secondary: knovak@broadandcassel.com
                        Secondary: egarvey@broadandcassel.com
                        *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 9, 2018, a true and correct copy of this document

was served via e-mail on the following:

Jon P. Dubbeld, Esq.
Berkowitz & Myer
4900 Central Avenue
St. Petersburg, FL 33707
jon@berkmyer.com
*Co-Counsel for Plaintiff*

Aaron M. Swift, Esq.
Swift Law, P.A.
10460 Roosevelt Blvd. N., Suite 313
St. Petersburg, FL 33716
aswift@swift-law.com
*Co-Counsel for Plaintiff*

*/s/ Robert E. Sickles*
Robert E. Sickles, P.A.
Florida Bar. No. 167444