Filing # 67060938 E-Filed 01/25/2018 05:00:38 PM

IN THE COUNTY COURT OF THE 12TH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
SMALL CLAIMS

GAIL REGILIO,

    Plaintiff,

v.

BRIDGECREST CREDIT COMPANY, LLC

    Defendant.

Case No.

JURY TRIAL REQUESTED

## STATEMENT OF CLAIM

Plaintiff, Gail Regilio ("Plaintiff"), by and through his undersigned counsel, hereby files and serves the instant Complaint against Defendant, Bridgecrest Credit Company, LLC ("Defendant") and alleges as follows:

1. This is an action for damages that are between $1,000 and $2,500, plus attorneys' fees and costs.

2. This is an action for damages for violations of the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 *et seq.* (hereinafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. 227 (hereinafter the "TCPA")..

### PARTIES

3. Plaintiff is an individual residing in Sarasota County, Florida.

4. Plaintiff is a "consumer" within the meaning of Section 559.55(2) of the FCCPA, in that the alleged debt that the Defendant sought to collect from them was originally incurred, if at all, for personal, family or household purposes and is therefore consumer debt within the meaning of the FCCPA.

5. Defendant is, upon information and belief, an Arizona entity authorized to conduct business in the State of Florida. Defendant maintains a registered agent in the State of Florida.

6. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business. As such, Defendant is a "person" subject to regulation under the FCCPA.

7. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (941-XXX-7566), and was the called party and recipient of Defendant's autodialer calls.

## JURISDICTION AND VENUE

8. Jurisdiction and venue are proper in Sarasota County, Florida because all of the acts giving rise to this action occurred in Sarasota County, Florida.

## STATEMENT OF FACTS

9. Plaintiff allegedly incurred a consumer debt with Defendant ("Subject Debt").

10. Defendant alleges that Plaintiff owed a past due balance.

11. Defendant began a campaign of harassment, abuse and intimidation tactics in order to coerce Plaintiff to make payments.

12. Around January, 2018, Defendant began calling Plaintiff's cell phone in an attempt to collect the subject debt.

13. On numerous occasions, Plaintiff demanded Defendant to stop calling her cell phone because she did not owe the subject debt.

14. Despite Plaintiff's multiple requests, Defendant continued to call Plaintiff's cell phone in an attempt to collect the Subject Debt.

15. Despite Plaintiff informing the Defendant for her reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff. As a result, the

Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

16. The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff. Defendant's conduct has caused Plaintiff significant anxiety, emotional distress, frustration, and anger.

17. The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff.

## COUNT I

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully stated herein.

19. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

20. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

21. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

22. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

23. Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.*

24. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully stated herein.

25. The foregoing conduct of Defendant constitutes a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

26. As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

/s/ *Jon P. Dubbeld*
Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
4900 Central Ave
St. Petersburg, Florida 33707
(727) 344-0123(office)
*Attorneys for Plaintiff*