UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GAIL REGILIO,**

    **Plaintiff,**

**v.**

**BRIDGECREST CREDIT COMPANY, LLC**

    **Defendant.**

Case No. 8:18-CV-00567-RAL-AAS

**JURY TRIAL REQUESTED**

## AMENDED[1] COMPLAINT

**COMES NOW** Plaintiff, Gail Regilio ("Plaintiff"), by and through her undersigned counsel, and hereby files and serves the instant Amended Complaint against Defendant, Bridgecrest Credit Company, LLC ("Defendant"). In support thereof, Plaintiff alleges as follows:

1. This is an action for damages that are between $1,000 and $2,500, exclusive of attorneys' fees and costs.

2. This is solely an action under state law for damages for violations of the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 *et seq.* (hereinafter the "FCCPA").

## PARTIES

3. Plaintiff is an individual residing in Sarasota County, Florida.

4. Plaintiff is a "consumer" within the meaning of Section 559.55(2) of the FCCPA, in that the alleged debt that the Defendant sought to collect from her was originally incurred, if at all, for personal, family or household purposes and is therefore consumer debt within the meaning of the FCCPA.

---

[1] Filed pursuant to Rule 15(a), Federal Rules of Civil Procedure.

5. Defendant is, upon information and belief, an Arizona entity authorized to conduct business in the State of Florida.

6. Defendant maintains a registered agent in the State of Florida, conducts business in Sarasota County, Florida, and is a "person" subject to the FCCPA.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in Sarasota County, Florida because all of the acts giving rise to this action occurred in Sarasota County, Florida

8. Further, venue is proper in the County Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, Small Claims Division, based on the facts alleged herein, the jurisdictional damage amount, and the underlying Arbitration Agreement's small claims court carveout.

## STATEMENT OF FACTS

9. Plaintiff allegedly incurred a consumer debt with Defendant's predecessor in interest ("Subject Debt").

10. Defendant allegedly acquired the Subject Debt from its predecessor in interest.

11. Defendant falsely alleged that Plaintiff owed a past-due balance.

12. In its attempts to collect the Subject Debt, Defendant began a campaign of harassment, abuse and intimidation tactics in order to coerce Plaintiff into make payments on the Subject Debt.

13. Around January, 2018, Defendant began placing calls to Plaintiff's cell phone (954-XXX-7566) in an attempt to collect the subject debt.

14. On January 8, 2018, Defendant placed a call to Plaintiff's cell phone and attempted to collect the Subject Debt.

15. On said call, Plaintiff informed Defendant that she traded in the subject vehicle (i.e., a truck,) and the dealership would be sending full payment of any alleged debt to Defendant resulting from a subsequent vehicle purchase.

16. On January 9, 2018, despite the above-referenced information given to Defendant by Plaintiff regarding the fact that she indisputably did not owe Defendant the Subject Debt, Defendant nonetheless placed another call to Plaintiff's cell phone in an attempt to collect the Subject Debt.

17. Plaintiff missed this call but returned the call to Defendant. During this return call, Plaintiff gave Defendant the dealership's number and told Defendant to stop calling.

18. On January 10, 2018, Defendant *again* placed another call to Plaintiff's cell phone in an attempt to collect the Subject Debt.

19. During this call, Plaintiff *again* told Defendant the dealership would be sending them payment and *again* requested Defendant to stop calling. Notwithstanding the fact that Plaintiff indisputably did not owe Defendant the Subject Debt, Defendant brazenly stated Defendant would give Plaintiff until January 12, 2018, to make payment, then they would take further action.

20. Despite Plaintiff's requests to stop calling—and despite the fact that Plaintiff repeatedly put Defendant on notice that she did not owe the Subject Debt—Defendant placed another call to Plaintiff's cell phone on January 12, 2018 in an attempt to collect the Subject Debt.

21. On this call, Plaintiff *again* informed Defendant that the dealership would be making payment and *again* requested Defendant to stop calling.

22. Notwithstanding Plaintiff's requests—and the fact that Plaintiff repeatedly put Defendant on notice that she did not owe the Subject Debt—Defendant falsely stated that they have a right to call and would continue to do so until payment was made.

23. Plaintiff's co-worker overheard several of Defendant's collection calls placed to Plaintiff because Defendant placed such calls to Plaintiff's cell phone during normal business hours.

24. Altogether, once Defendant received notice that Plaintiff traded-in the vehicle which formed the basis for the Subject Debt—and thus received notice that Plaintiff did not owe the Subject Debt—Defendant's subsequent attempts to collect the Subject Debt from Plaintiff were made with the

intent to simply exhaust Plaintiff's will and harass Plaintiff—especially considering the fact that Plaintiff requested that Defendant's collection calls cease numerous times.

25. Defendant's above-referenced conduct constitutes willful attempts by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff.

26. Defendant's conduct caused Plaintiff anxiety, emotional distress, frustration, anger, and embarrassment amongst her co-workers.

## COUNT I

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.*

27. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though fully stated herein.

28. The foregoing conduct of Defendant constitutes a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or *willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family*. (emphasis added).

   b. Fla. Stat. 559.72(9): Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate…

29. As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to statutory damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

    Respectfully submitted,

**SWIFT LAW, P.A.**

/s/ *Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
*Co-Counsel for Plaintiff*


Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
4900 Central Ave
St. Petersburg, Florida 33707
 (727) 344-0123(office)
 *Co-Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I electronically filed a true and correct copy of the foregoing via CM./ECF which will send a notice of electronic fling to the following: rsickles@broadandcassel.com and Jon@berkmyer.com on this 21st day of March, 2018.


                              /s/ *Aaron M. Swift*
                              Co-Counsel for Plaintiff